IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:10-cr-60122-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| TAMARA SAWYER and KEVIN SAWYER, | |
| Defendants. | |

AIKEN, Judge:

Pursuant to 28 U.S.C. § 2255, defendants move to set aside and vacate their convictions for wire fraud and related offenses, arguing that they were coerced into pleading guilty. Defendants also request recusal of the undersigned judge. The motions are denied.

## BACKGROUND

Defendants were charged with numerous counts of conspiracy, wire fraud, bank fraud, making false statements to a financial institution, and money laundering. The charges arose from

1      - OPINION AND ORDER

real estate and mortgage fraud schemes and the fraudulent statements defendants made to investors and banks in order to obtain financing for their own business ventures and benefit.

After numerous continuances, trial was set to commence on January 15, 2013. Because of various scheduling issues, the pretrial conference was set for the morning of trial, with pretrial memoranda due one week earlier. The government filed a motion in limine seeking to exclude any evidence of defendants' intent or ability to repay victims of their fraudulent behavior, on grounds that intent to repay is not a valid defense and irrelevant. Shortly thereafter, defendants sought another continuance of trial, which was denied. Given the posture of the case, the court ordered the parties to meet with Magistrate Judge Coffin, who had been overseeing discovery and assisting the parties with ongoing expert witness issues.

The parties met with Magistrate Judge Coffin on January 14, 2013. The parties discussed potential avenues for resolving the case, but they did not reach accord. On the morning of January 15, 2013, the court held the pretrial conference and granted the government's motion in limine. As discussed at the hearing, it was and is settled law that intent or ability to repay is no defense to fraud. *See United States v. Sawyer*, 584 Fed. App'x 751, 752 (9th Cir. 2014) ("The Ninth Circuit, as well as every other circuit court to address the issue, has determined that a defendant's intent to repay his or her victims is not a defense to criminal fraud charges."). Further, as noted by government counsel, defendants were notified on several occasions prior to trial that the government would seek exclusion of such evidence, and it should have come as no surprise to the defendants. The court did not exclude defendants' experts on all grounds and informed defendants that their experts would be allowed to testify, provided they testified to a valid defense and not the intent to ability to repay.

Nonetheless, defendants moved for a continuance again, stating they essentially had no defense after the court granted the government's motion in limine. Gov't Ex. 2, Transcript of Proceedings 29-30 (Tr.) (Jan. 15, 2013). I denied the continuance, noting that the government's position and the court's ruling should not have been a surprise, the case had been pending for well over two years, and witnesses were present for trial. Tr. 32-34.

Defendants then requested a break and ultimately informed the court that they wished to enter changes of plea. No judge had any involvement in the discussions on January 15, 2013. The court held a change of plea proceeding and accepted their guilty pleas. The parties entered conditional pleas and reserved their right to appeal the court's ruling on the government's motion in limine.

## DISCUSSION

I first address defendants' motion to recuse. The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted). Generally, the alleged bias must derive from an "extrajudicial source" to justify recusal. *Id.* ("The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal."); *Liteky v. United States*, 510 U.S. 540, 550-51 (1994). Defendants establish no bias, extrajudicial or otherwise, to warrant recusal.

In their § 2255 motions, defendants for the first time assert that their guilty pleas were not voluntary and instead were a product of coercion. *See Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (entry of a guilty plea must be voluntary, knowing and intelligent). Defendants argue that the discussions with Magistrate Judge Coffin violated Federal Rule of Criminal Procedure 11(c)(1) and rendered their pleas involuntary. The record belies defendants' claims.

3       - OPINION AND ORDER

During the plea proceeding on January 15, 2013, defendants represented that they pled guilty freely and voluntarily and with a full understanding of the consequences. Both defendants stated that their attorneys explained the effect of the plea agreements and the relevant sentencing guidelines, and that they were satisfied with their legal representation. Tr. 38-43, 47. Defendants affirmed that they understood the rights they relinquished through their guilty pleas. Tr. 50-55. Defendants also stated that they understood and agreed with the factual basis of the charges, as recited at the plea proceeding, and that no promises had been given aside from the plea agreement. Tr. 72-74, 78-79, 80-92. Defendants responded "No" when asked "Is anybody threatening you, forcing you, twisting your arm, intimidating you, or making you plead guilty?" Tr. 73, 79. The fact that defendants negotiated conditional pleas with the government further supports the voluntariness of their pleas.

At no time did defendants or their counsel suggest that inappropriate or coercive comments were made Magistrate Judge Coffin. Rather, defense counsel referenced discussions before Magistrate Judge Coffin on one occasion at the pretrial conference, and he did so to explain why certain expert materials had not been provided to the government prior to trial. Tr. at 15-16. I interjected to inform counsel any potential settlement discussions would not be part of the record. *Id.* Likewise, defendants did not complain about discussions with Magistrate Judge Coffin at any time during the plea proceeding, or at sentencing, or on direct appeal. Aside from defendants' self-serving statements, not a shred of evidence supports their current position that Magistrate Judge Coffin made coercive statements in order to convince them to plead guilty. In fact, defendants did not plead guilty after settlement discussions; only after I granted the government's motion in limine and denied defendants' motion to continue did defendants choose to change their plea. I do not doubt that defendants felt pressured, but that pressure did not arise

from settlement discussions. Rather, defendants faced going to trial without a defense to rebut the government's extensive evidence of fraud.

Regardless, by failing to raise this issue on direct appeal, defendants are in procedural default and any claim is barred. "A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default." *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). It is undisputed defendants did not allege involuntariness of their pleas on direct appeal. Further, defendants fail to show cause for their default. They were represented by counsel and clearly knew at the time of appeal whether they voluntarily entered into guilty pleas.

Finally, defendants cannot show prejudice, because the record clearly reflects that they entered guilty pleas of their own volition, after I granted the government's motion in limine and denied defendants' motion to continue. Faced with the prospect of going to trial without a valid defense, they chose to plead guilty. Defendants' current attempt to argue otherwise is nothing more than revisionist history.

## CONCLUSION

Accordingly, defendants' Motions under 28 U.S.C. § 2255 (docs. 181, 188) are DENIED. IT IS SO ORDERED.

Dated this 19th day of July, 2016.

_____
Ann Aiken
United States District Judge

5      - OPINION AND ORDER